UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JAMES BRADLEY,

Defendant.

21-CR-277 (PAE)

**ORDER**

WHEREAS the Metropolitan Correctional Center ("MCC") has agreed to provide
meaningful access for James Bradley, the above-referenced defendant, to review discovery
and other case materials; and

WHEREAS measures can be taken for Mr. Bradley to review case materials on a lap-
top computer without jeopardizing the security and operational interests of the MCC;

IT IS HEREBY ORDERED that

1.  Mr. Bradley will have access at the MCC's law library to an "air-gapped" laptop
    computer (the "Laptop") that is disabled from accessing the internet, local area
    networks, or other electronic devices;

2.  Upon receipt of an acceptable laptop computer from counsel for James Bradley,
    the Government shall: (a) ensure that the laptop is appropriately "air-gapped" and
    compatible with the MCC's security requirements; (b) load all of the discovery
    including Jencks Act material and materials that have been designated "sensitive
    discovery material"; and (c) deliver the laptop containing the discovery to the
    proper authorities at the MCC, within 72 hours of completing the task described
    in 2(a);

3.  The Laptop shall be password-protected and maintained in a location acceptable
    to Bureau of Prisons personnel;

4. Bureau of Prisons personnel will provide Mr. Bradley with access to the Laptop at the MCC's law library for at least 15 hours per week (with an effort to provide Mr. Bradley access on a daily basis).  Access to the Laptop at the MCC's law library shall be in addition to time Mr. Bradley can review discovery in his unit;

5. This Order shall remain in effect until the case is completed and a copy of this Order shall be made available to any unit where Mr. Bradley is housed, whether in the Segregated Housing Unit ("SHU") or otherwise;

6. Mr. Bradley shall execute an agreement setting forth his understanding that: (a) he may use the Laptop for the sole purpose of reviewing discovery and legal materials that relate to his criminal case; (b) that he shall not share the Laptop or the materials loaded onto the Laptop with other inmates or with any attorney not appointed to this case without an order of this Court, and he may not show or otherwise disseminate any of the materials or contents of these materials with any other inmate, staff, or other persons, other than his attorneys appointed to this case, without an order of this Court; (c) that he will not access or attempt to access the internet or any form of wireless communication; (d) that he will forfeit his right under this Order to use the Laptop in the future, and that he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d), should he violate any of these understandings; and (e) that for all materials designated as "Confidential" pursuant to the Protective Order in this matter, Mr. Bradley will adhere to the terms of that order.

7. Within forty-eight hours of Mr. Bradley's execution of the agreement and the MCC's receipt of the Laptop from the Government, whichever is later, Mr.

Bradley shall be permitted access to the Laptop, subject to the following condi-

tions:

    a.   Mr. Bradley shall have access to the Laptop at the MCC's law library for

        at least 15 hours per week (with an effort to provide Mr. Bradley access

        on a daily basis);

    b.   Mr. Bradley should be allowed to maintain possession of his hard drives

        and CDs, which are needed to access the discovery; and

    c.   Mr. Bradley shall not have possession of any charging apparatus or cord

        that connects to the laptop.

**The Clerk of Court is requested to terminate the motion at Dkt. No. 18.**

Dated:      New York, New York      SO ORDERED
            August __17__, 2021

*Paul A. Engelmayer*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York