UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JAMES BRADLEY AND ARWA MUTHANA,

Defendants.

21-CR-277(PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendants James Bradley and Arwa Muthana stand charged with attempted provision of, and conspiracy to provide, material support and resources to a foreign terrorist organization, to wit, the Islamic State of Iraq and al-Sham ("ISIS"). The Government has moved, *ex parte*, for a protective order pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain classified information in the Government's possession. The Government seeks a determination that the materials are not discoverable by the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), or Fed. R. Crim. P. 16, and that they are not "relevant and helpful" under *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

Section 4 of CIPA provides that the Court "upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. 3 § 4. Rule 16 of the Federal Rules of Criminal Procedure likewise provides that the Court "may, for good cause, deny . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim P. 16(d)(1).

The standard that governs here is outlined in *Aref*. The Second Circuit there adopted and applied the standard in *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), to determine when the disclosure of classified information is appropriate. As outlined by the Second Circuit in *Aref*, *Roviaro* asks first whether the classified information at issue is discoverable and then whether the government properly has invoked the state-secrets privilege with respect to that information. *See Aref*, 533 F.3d at 79–80. If the information is both discoverable and privileged, then the court must decide whether it is also "helpful or material to the defense." *Id.*; *see also United States v. Fawwaz*, No. 98 Cr. 1023 (LAK), 2013 WL 5429226, at *1 (S.D.N.Y. Sept. 24, 2013) (similarly applying this standard).

The Court has carefully reviewed the materials in question, along with the Government's extensive memorandum of law relating to the classified materials at issue and the factual declarations associated with that memorandum. Based on its review, the Court's considered judgment is that none of the materials at issue is discoverable under Rule 16 or exculpatory so as to be discoverable under *Brady*. The Court separately concludes that the Government has properly invoked the state-secrets privilege as to the material at issue and none of the material that the Government proposes to withhold is "helpful or material to the defense." *See Aref*, 533 F.3d at 80. The Court finds persuasive the Government's discussion of these issues in its memorandum of law. Accordingly, the Court grants the Government's motion.

In so ruling, the Court is mindful that its grasp of the facts underlying this matter and the issues to be tried will necessarily grow as trial approaches and begins. The Court's present determination that none of the materials at issue must be disclosed under *Brady* is, therefore, a function of its understanding of the case to date. *Brady* places a constitutional obligation on the prosecution to disclose exculpatory information to a criminal defendant. 373 U.S. at 83. But it

is not always possible to determine in advance of trial whether particular materials are or are not exculpatory. *See, e.g.*, *In re United States (Coppa)*, 267 F.3d 132, 140 (2d Cir. 2001) ("Although the government's obligation under *Brady* may be thought of as a constitutional duty arising before the trial of a defendant, the scope of the government's constitutional duty . . . is ultimately defined retrospectively . . . ."); *United States v. Stein*, 424 F. Supp. 2d 720, 726 (S.D.N.Y. 2006) (same). And a court's ability to make these determinations reliably prior to trial is further limited by the only partial visibility it then has as to the facts. As the Court's understanding of the case develops, the Court will assess anew whether any of the material at issue here qualifies as *Brady* material. The defense is at liberty, as the case moves forward, to ask the Court to reassess this determination.

As classified materials are involved here, the motion for a protective order and all papers submitted in connection therewith shall be filed under seal with and maintained by the Court's Classified Information Security Officer designated in accordance with CIPA and the Security Procedures Established Pursuant to Pub. L. No. 96–456 by the Chief Justice of the United States.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 21, 2022
    New York, New York